UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,         Case No. 17-20270

v.         Judith E. Levy
         United States District Judge

Sadarian Daplayer Peterson,

         Mag. Judge Anthony P. Patti

         Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO TERMINATE SUPERVISED RELEASE [58]**

Before the Court is Defendant Sadarian Daplayer Peterson's motion to terminate supervised release. (ECF No. 58.) For the reasons set forth below, the Court denies Defendant's motion without prejudice.

## I.  Background

In August 2019, Defendant pled guilty to Count One of the Indictment, which charged him with possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1).[1] (*See*

---

[1] Defendant originally pled guilty to Count One in November 2018, but at his sentencing he moved to withdraw his plea and then entered a new guilty plea and plea agreement. (*See* ECF Nos. 42, 56.)

ECF No. 56.) The Court sentenced Defendant to thirty-two months imprisonment and five years of supervised release. (ECF No. 57.) Defendant began his term of supervised release on March 19, 2021.[2] (ECF No. 61, PageID.307.) On July 15, 2022, Defendant moved for early termination of his supervised release under 18 U.S.C. § 3583(e)(1). (ECF No.58.) At the time he filed this motion, Defendant had completed sixteen months of supervised release.[3]

## II. Legal Standard

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In evaluating whether to terminate a defendant's term of supervised release, the Court considers "the factors

---

[2] In his motion, Defendant asserts that he began his term of supervised release on October 12, 2020. (ECF No. 58, PageID.297.) However, in a memorandum to the undersigned, the Probation Department confirmed that March 19, 2021 is the correct date and that Defendant appears to have improperly counted his time at a Residential Reentry Center towards his term of supervised release.

[3] As of the date of this Order, Defendant has now completed 23 months of supervision.

2

set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). These factors are

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> . . . ;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . ;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; or
>>
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;
>
> (5) any pertinent policy statement—
>
>> (A) issued by the Sentencing Commission . . . ;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Suber*, 75 F. App'x 442, 443–44 (6th Cir. 2003). However, "[t]he phrase 'the interest of justice' gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *Id.* at 444 (citing *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)). Therefore, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.* The court's decision "must demonstrate consideration of the relevant factors even if the court does not describe its analysis of each factor." *United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *5 (6th Cir. Dec. 21, 2022) (citations omitted).

### III. Analysis

In support of early termination of supervised release, Defendant contends that he "has completed all his terms of supervision and has no need for programing or treatment," "had minimal special conditions and has fully complied with all of them," and that "[h]is supervision has

4

likewise been without any incident."⁴ (ECF No. 58, PageID.300.) He also asserts that he is currently employed with Anytime Moving Company in Roseville, Michigan; is attending U.S. Trucking in Sterling Heights, Michigan to obtain his commercial driver's license ("CDL"); and "has secured a job out of state." (*Id.*)

While Defendant indicates that "[t]he probation officer takes no position on the relief sought" (ECF No. 58, PageID.298), the Probation Department has indicated to the undersigned that it does not support Defendant's motion. Likewise, the Government opposes Defendant's motion and asserts that the relevant § 3553(a) factors "do not favor early termination of supervised release." (ECF No. 61, PageID.308.) Specifically, it asserts that the nature and circumstances of Defendant's offense, Defendant's prior convictions, and his history of probation violations weigh against early termination. (*Id.* at PageID.308–310.) The Government also asserts that supervised release may be deterring

---

⁴ Defendant also states that he "has no conditions requiring any sort of programing or counseling." (ECF No. 58, PageID.300.) However, the judgment in this case makes clear that the Court imposed several special conditions including substance abuse treatment, cognitive-behavioral treatment, mental health treatment, and a "psychological/psychiatric evaluation." (ECF No. 57, PageID.294.) The Probation Department reports that Defendant has been compliant with his required mental health treatment.

5

Defendant from engaging in further criminal behavior, that supervision provides protection to the public, and that Defendant's compliance demonstrates that supervision is working as intended. (*Id.* at 310.)

The Court appreciates that Defendant has complied with supervision thus far and congratulates him on this accomplishment. However, the Court nevertheless concludes that that the relevant § 3553(a) factors and the interest of justice weigh against early termination of Defendant's term of supervised release. The significant quantity of heroin and Defendant's dangerous flight from law enforcement in this case warrant a substantial period of supervision, particularly considering the limited custodial sentence imposed by the Court. Additionally, the five-year term of supervised release imposed by the Court was the minimum required under the statute, of which Defendant has not yet served even half. *See* 21 U.S.C. § 841(b)(1)(A). As such, any further reduction in Defendant's supervised release may create unwarranted sentencing disparities with similarly situated defendants. Moreover, Defendant's history of prior drug-related offenses and probation violations also weigh in favor of continued supervision through the statutory minimum period. Finally, continued supervision will

6

ensure that Defendant retains access to and complies with any necessary substance abuse or mental health treatment and maintains the progress he has made thus far at reintegrating as a productive member of both his family and his community. Accordingly, termination of Defendant's term of supervised release under 18 U.S.C. § 3583(e)(1) is denied at this time.[5]

## IV. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion to terminate supervised release WITHOUT PREJUDICE. (ECF No. 58.) Defendant may renew his motion after he has completed at least 48 months of supervised release (or earlier if termination is recommended by the Probation Department).

IT IS SO ORDERED.

Dated: February 22, 2023       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

---

[5] With respect to Defendant's argument that "he has secured a job out of state" (ECF No. 58, PageID.300), the appropriate course of action under such circumstances would be to transfer Defendant's supervision to the appropriate jurisdiction. *See* 18 U.S.C. § 3605. If a transfer is necessary, Defendant should consult with his counsel and/or the Probation Department.

7

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 22, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
